IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR -1 2010

GREGORY C. LANGHAM
CLERK

Civil Action No. 10-cv-00477-BNB

ABIEL LAEKE,

    Applicant,

v.

HAILE MICHAEL OF FREEDOM CAB,

    Respondent.

## ORDER OF DISMISSAL

Applicant, Abiel Laeke, is confined at the Colorado Mental Health Institute at Pueblo, Colorado (CMHIP). On March 8, 2010, Mr. Laeke filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. On March 10, 2010, Magistrate Judge Boyd N. Boland determined that the application was deficient and ordered Mr. Laeke to file an amended application in order to name a proper Respondent and to provide a clear statement of his habeas corpus claims and the factual allegations that support each asserted claim. On March 24, 2010, Mr. Laeke filed an amended application for a writ of habeas corpus.

The Court must construe the amended application liberally because Mr. Laeke is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action.

The Court has reviewed the amended habeas corpus application filed on March

24 and finds that Mr. Laeke has not corrected the deficiencies identified by Magistrate Judge Boland. First, Mr. Laeke still fails to name a proper Respondent. As Magistrate Judge Boland informed Mr. Laeke, the law is well-established that the only proper respondent to a habeas corpus action is the applicant's custodian. *See* 28 U.S.C. § 2242; Rules 2(a) and 1(b), Rules Governing Section 2254 Cases in the United States District Courts; *Harris v. Champion*, 51 F.3d 901, 906 (10th Cir. 1995). However, rather than naming his custodian at CMHIP as Respondent, Mr. Laeke names as Respondent an individual who apparently works for, or is associated with, a Denver taxicab company. Mr. Laeke's allegation that he is confined as a result of Respondent's business practices does not demonstrate that Respondent is Mr. Laeke's custodian.

More importantly, the amended application is deficient because Mr. Laeke fails to assert any habeas corpus claims and fails to request any relief appropriate in a habeas corpus action. As Magistrate Judge Boland advised Mr. Laeke, "[t]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Despite this advisement, Mr. Laeke does not assert any claims challenging the legality of his custody.

In the amended application, Mr. Laeke provides the following description of the background of this case:

> On or about January 13, 2004[,] the respondent used collusive behavior in his buisness [sic] practices which can be identified through an IRS Audit resulting in a car accident involving the Applicant resulting in head Injuries of or to the

2

> Applicant resulting in criminal case of 2004 criminal 503 also
> Further collusive buisness [sic] dealing let the Authiorities
> [sic] to detaine [sic] the Applicant.

(Am. Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 at 2.) Applicant specifically asserts three claims for relief. He alleges in his first claim that "Freedom Cab operates a business with lax fiscal policy. It is a rag tag bunch of hoodlems [sic] from the Middle East and East Africa there central command and vehicles do not contain GPS or visa devices leading them to operate as an Organized Crime." (*Id.* at 3.) Applicant alleges in his second claim that:

> On or about 1.13.2004 Fetyene Haile of Freedom Cab after
> the MVA of the night In question upon my return to her
> residence located ½ block west of the crime scene <u>returned
> my left shoe</u> and offered to walk on my back after I
> requested a massage subsequently later I had sustained
> back injuries.

(*Id.*) Finally, Applicant alleges in his third claim that "the Denver Sales Tax Bureau has Failed to tend to Freedom Cab and thier [sic] Associates which if the Cab company were tended to thier [sic] practices would reform and be prosperous which would deter thier [sic] crimes and Involvement which the process of an IRS Audit is Due." (*Id.* at 4.) Applicant requests as relief in the amended application "an Audit by the Internal Revenue Service," "[a]n upgrade of thier [sic] center command and vehicles," and "30% of cost of upgrades & IRS fees, awarded to Applicant." (*Id.* at 5.)

The Court will dismiss the instant habeas corpus action because Mr. Laeke fails to name a proper Respondent, he fails to assert any claims challenging the legality of his current custody, and he fails to request any relief that is appropriate in a habeas corpus action. The Court will not construe Mr. Laeke's claims as asserted pursuant to

3

some other statutory authority because it does not appear that the Court has subject matter jurisdiction over those claims. Although Mr. Laeke is not represented by an attorney, the general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." **Garrett v. Selby Connor Maddux & Janer**, 425 F.3d 836, 840 (10th Cir. 2005). Accordingly, it is

ORDERED that the habeas corpus application and the amended application are denied and the action is dismissed without prejudice. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this  1st  day of  April , 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.10-cv-00489-BNB

Abiel Laeke
Prisoner No. 85103
CMHIP
1600 W. 24th Street
Pueblo, CO 81003

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 4/1/10

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk